PER CURIAM.
Manatee Memorial Hospital, the appellant, appeals an order denying reimbursement from the Special Disability Trust Fund. The appellant argues that the Judge of Compensation Claims, JCC, erred in allocating the excess compensation between the employee’s two compensable injuries which resulted in the appellant not meeting the statutory deductible. We agree and reverse.
The appellant submitted a proof of claim seeking reimbursement for compensation paid for its employee’s two accidents. The Fund offered reimbursement for excess compensation paid for the second accident, and the appellant accepted the offer. The appellant presented documentation of a “washout” settlement in which the appellant paid the employee a lump sum of $25,000 in lieu of permanent total disability benefits for both accidents. The settlement documents allocated $14,500 in indemnity and $8,000 in medical benefits to the servicing agent for the first accident. The servicing agent for the second accident was allocated $500 in indemnity and $2,000 in medical benefits. Both the Fund and the appellant agreed that the employee’s injuries merged as defined in sections 440.49(2)(c)2, 3, Florida Statutes (1995).
The Fund subsequently denied the request for reimbursement. It stated that the settlement apportioned the proceeds between the two servicing agents for the two injuries and, therefore, the payment for the second accident did not exceed the $10,000 statutory deductible. After a hearing, the JCC also denied reimburse *353 ment, concluding that the payment for benefits for the employee’s second accident did not meet the $10,000 deductible.
The JCC cited section 440.49(4)(a), Florida Statutes (1995), in its order denying reimbursement. Section 440.49(4)(a) provides for reimbursement of all impairment benefits paid as a result of a subsequent accident. The appellant argues on appeal that section 440.49(4)(b), Florida Statutes (1995), is the appropriate statutory authority as the employee filed a claim for and was paid permanent total disability benefits. Section 440.49(4)(b) provides for reimbursement of all compensation for permanent total disability. This section does not limit the reimbursement amount based on the subsequent accident.
In this case, it appears from the record that the employee petitioned for permanent total disability benefits and the appellant paid those benefits in a washout settlement. Therefore, the JCC should have relied on section 440.49(4)(b), rather than section 440.49(4)(a), in making its determination. As section 440.49(4)(b) does not base reimbursement on the subsequent accident, the washout settlement payment should not have been allocated between the two accidents in determining reimbursement. Accordingly, we reverse and remand for the JCC to determine the amount of reimbursement based on section 440.49(4)(b).
REVERSED and REMANDED for further proceedings.
PADOVANO, BROWNING and LEWIS, JJ., concur.